IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SEAN J. DILLON,                                )
                                               )
                    Petitioner,                )
                                               )
        v.                                     )        Case No. 22-3088-JWL
                                               )
KEVIN PAYNE, Commandant,                       )
United States Disciplinary Barracks,[1]        )
                                               )
                    Respondent.                )
                                               )
_____)

## MEMORANDUM AND ORDER

Petitioner, a military prisoner, filed a petition for habeas corpus under 28 U.S.C. §

2241, in which he claims that his court-martial lacked jurisdiction to convict and sentence

him.  For the reasons set forth below, the Court **denies** the petition.


I.      **Background**

In 2016, petitioner was convicted of multiple sex crimes by a military court-martial,

and he was ultimately sentenced to a term of confinement of over 29 years.  On appeal,

among other issues, petitioner argued that the Army lacked jurisdiction over him because

he was a medical retiree; but the United States Army Court of Criminal Appeals (ACCA),

in affirming the convictions and term of confinement, rejected that argument as "meritless"

_____

[1]  Because the proper respondent to a habeas petition is the person with custody over
the petitioner, *see Rumsfield v. Padilla*, 542 U.S. 426, 434 (2004), the Court has substituted
the current commandant of petitioner's place of confinement as respondent in this action.

because, "[a]lthough [petitioner] was close to retirement before any charges were preferred, he was not, in fact, retired." *See United States v. Dillon*, 2019 WL 302073, at *1 n.2 (Army Ct. Crim. App. Jan. 17, 2019), *rev. denied*, 79 M.J. 189, *reconsideration denied*, 79 M.J. 247 (Ct. App. Armed Forces 2019).  Petitioner is presently confined within this judicial district at the United States Disciplinary Barracks at Fort Leavenworth.

In 2022, petitioner, acting *pro se*, filed the instant habeas action.  The Court subsequently granted petitioner's request for appointment of counsel, and the Federal Public Defender was appointed to represent petitioner in this action.  Respondent filed an answer to the petition, and petitioner (through appointed counsel) filed a traverse.  The Court then stayed the action pending the outcome of a petition for certiorari in *Larrabee v. Del Toro*, 45 F.4th 81 (D.C. Cir. 2022).  After the Supreme Court denied that petition, *see* 144 S. Ct. 277 (2023), each party was allowed to submit a supplemental brief.  The case is now ripe for ruling.

## II.    **Standard of Review**

The Court first addresses the governing standard of review.  Respondent argues that the military courts gave full and fair consideration to petitioner's jurisdictional claim in rejecting it, as shown by application of the Tenth Circuit's *Dodson* test, and that therefore this Court may not consider of the merits of petitioner's claim.  The Court rejects this argument.  As the Court recently explained in a similar case, the *Dodson* test does not apply to jurisdictional claims, and Tenth Circuit precedent is clear that the Court may consider the merits of such a claim even if the military courts have considered and rejected the same

claim.  *See United States v. Wilson*, 2024 WL 1834379, at *1-2 (D. Kan. Apr. 26, 2024) (Lungstrum, J.) (citing, *inter alia*, *Fricke v. Secretary of Navy*, 509 F.3d 1287, 1289-90 (10th Cir. 2007)).

### III.   <u>Analysis</u>

Petitioner's sole claim in this habeas action is that the military courts lacked jurisdiction over him because he was a medical retiree.[2]  More specifically, petitioner claims that a service member who has been permanently retired because of a disability is no longer a member of the "land and naval Forces" of the United States and thus does not fall with the "Make Rules Clause" of the Constitution, *see* U.S. Const. art. I, § 8, cl. 14; and that Congress therefore exceeded its constitutional authority to make rules governing such forces when it subjected such retirees to the provisions of the Uniform Code of Military Justice (UCMJ), including the jurisdiction of the military courts, pursuant to 10 U.S.C. § 802(a)(4).  In particular, petitioner relies on the decision by the District Court for the District of Columbia in *Larrabee v. Braithwaite*, 502 F. Supp. 3d 322 (D.D.C. 2020), *rev'd sub nom. Larrabee v. Del Toro*, 45 F.4th 81 (D.C. Cir. 2022), *cert. den.*, 144 S. Ct. 277 (2023).

Because petitioner's claim depends on his status as a medical retiree, however, the Court must first determine whether petitioner was in fact retired from active duty.

---

[2]  Any other claim arguably asserted in petitioner's *pro se* petition that appointed counsel did not argue in the traverse and supplemental brief is considered to have been abandoned.

Respondent argues (and the ACCA agreed) that although petitioner's medical retirement was scheduled to become effective on a particular date, any retirement order had been rescinded when petitioner's court-martial proceedings began prior to that effective date.

The relevant chronology is as follows, based on the records submitted by the parties. On September 11, 2015, the Army ordered petitioner's retirement because of disability, with an effective date of retirement of November 29, 2015; and on September 23, 2015, petitioner received and signed his DD Form 214, Certificate of Release or Discharge from Active Duty, which also referenced an effective date of November 29, 2015. On November 3, 2015, however, the Army revoked petitioner's retirement order and voided the DD Form 214 "due to pending General Court Martial." On November 25, 2015, petitioner was served with his first criminal charge.

These records show that petitioner was never actually retired because his retirement orders were revoked prior to the effective date of the retirement. Petitioner has not cited any authority prohibiting the Army from revoking the retirement orders before they became effective; nor has petitioner explained how his retirement could have taken effect despite the revocation. Petitioner cites *United States v. Christensen*, 78 M.J. 1 (Ct. App. Armed Forces 2018), in which the highest military court of appeals identified criteria to be considered in determining whether a service member's discharge has become final for the purpose of military jurisdiction, *see id.* at 4; and he argues that those criteria (the delivery of a DD Form 214 certificate, a final accounting of pay, and the completion of a clearing process) may have been satisfied in his case (based on the allegations in the *pro se* petition). *Christensen*, however, did not involve a transition to retired status; rather, in that case the

4

issue was the point at which the accused left the military entirely and became a civilian. *See id.* Thus, *Christensen* does not set forth any test relevant here or otherwise suggest that, for jurisdictional purposes, a retirement may take effect before the ordered effective date. Petitioner has not explained why the case is not distinguishable on this basis.

Finally, the Court notes that the ACCA confirmed on direct appeal that petitioner was not actually retired when the military courts exercised jurisdiction over him. Although, as noted above, the Court may consider the merits of petitioner's jurisdictional claim, it also recognizes that the military courts' expertise concerning such issues as whether a service member entered retirement status within the Army exceeds its own.

The Court therefore disagrees with petitioner's assertion that he has at least made a colorable claim regarding retirement that should be tested at a hearing. The records plainly show that petitioner's retirement orders were revoked and rescinded before the retirement took effect, and petitioner has not provided any basis for this Court to conclude that petitioner actually became retired before the effective date of the retirement orders on which he relies. Accordingly, jurisdiction over petitioner was actually asserted under 10 U.S.C. § 802(a)(1), which subjects active duty personnel to the UCMJ. Petitioner has not argued that active duty personnel do not fall within the "land and naval Forces" of the United States, or that the exercise of jurisdiction over him was unconstitutional even if he was never medically retired. The Court therefore denies petitioner's claim of a lack of jurisdiction.

Petitioner's habeas claim also fails because, even if petitioner could be considered a medical retiree, the Court has concluded, for the reasons set forth in a recent similar case,

that the Tenth Circuit would follow the reasoning of the D.C. Circuit in *Larrabee* and would hold that the military courts' exercise of jurisdiction over medical retirees is not unconstitutional. *See United States v. Wilson*, 2024 WL 1834379, at *2-7 (D. Kan. Apr. 26, 2024) (Lungstrum, J.).

Accordingly, the Court denies the petition for habeas relief under Section 2241.[3]

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus relief under 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 30th day of April, 2024, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[3] Petitioner seeks a certificate of appealability (COA) to allow him to appeal any denial of his petition to the Tenth Circuit, but the Court denies this request, for which there is no legal basis. Under 28 U.S.C. § 2253(a), the district court's final order in a habeas proceeding is subject to review on appeal. *See id.* That statute imposes a requirement of obtaining a COA for any appeal from the final order in either a state habeas proceeding under Section 2241 or a Section 2255 proceeding; but it does not extend that requirement to the final order in any other type of proceeding. *See id.* § 2253(c)(1).  Thus, no COA is required for an appeal in the present case. *See Knighten v. Commandant*, 142 F. App'x 348, 349-50 (10th Cir. 2005) (military prisoner did not need a COA to appeal the denial of his Section 2241 habeas petition) (citing *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997)); see also *Harbison v. Bell*, 556 U.S. 180, 183 (2009) (COA was not required where order from which appeal was taken did not fall within the scope of 28 U.S.C. § 2253(c)(1)).